﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 191206-48906
DATE: June 30, 2020

REMANDED

Service connection for right knee condition is remanded. 

Service connection for left knee condition is remanded. 

REASONS FOR REMAND

The Veteran had active duty service in the U.S. Marine Corps from August 1960 to December 1964, and in the Army from January 1972 to January 1976. 

This case is being reviewed according to the appellate process set forth under the Veterans Appeals Improvement and Modernization Act of 2017 (hereinafter the “Appeals Modernization Act” (AMA)). The Board considers the matter per the Direct Review Docket, according to which the claim is immediately reviewed by request without time reserved to forward additional evidence.

1. The claim for service connection for right knee condition.

2. The claim for service connection for left knee condition.

Remand is required to cure a pre-decisional duty to assist deficiency. 

VA must provide an examination when there is competent evidence of persistent or recurrent symptoms of a disability that may be associated with an in-service event, injury, or disease, but there is insufficient information to decide the claim. 38 U.S.C. § 5103A(d). The threshold for finding that symptoms of a disability may be associated with service is low. McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). 

Here, the Veteran competently reported that he developed fluid in both knees during active service while crawling during basic training at Parris Island. See Claim. Further, VA treatment records note ongoing complaints of bilateral knee pain. While the date that said pain began is not apparent, the Veteran’s claims for service connection, coupled with the above, are sufficient to trigger VA’s duty to assist in the form of an examination pursuant to McLendon. As such, remand is required to cure that pre-decisional duty to assist violation.

The matters are REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any right of left knee disability.

The examiner must opine whether it is at least as likely as not (50 percent or greater probability) had its onset in or is otherwise related to active service, to include the Veteran’s report of fluid in his knees during basic training.

The examiner should consider and address the pertinent lay evidence.

(Continued on the next page)

 

A complete rationale must accompany any opinion(s) offered.

 

 

Michael Sanford

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Lyons, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.